**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRENDA LEE KOSTYO, ) | |
| ) | CASE NO. 3:14-cv-1238 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Brenda Lee Kostyo ("Kostyo") challenges the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

### I. Procedural History

On November 18, 2010, Kostyo filed an application for SSI alleging a disability onset

date of March 6, 1998.[1] (Tr. 20.) Her application was denied both initially and upon reconsideration. Kostyo timely requested an administrative hearing.

On September 19, 2012 and October 5, 2012, an Administrative Law Judge ("ALJ") held two hearings during which Kostyo, represented by counsel, and an impartial vocational expert ("VE") testified. (Tr. 20.) On December 20, 2012, the ALJ found Kostyo was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. (Tr. 35-36) The ALJ's decision became final when the Appeals Council denied further review.

## II. Evidence

*Personal and Vocational Evidence*

Age thirty-five (35) at the time of her administrative hearing, Kostyo is a "younger" person under social security regulations. (Tr. 22.) *See* 20 C.F.R. § 404.1563(c) & 416.963(c). Kostyo has a limited education and no past relevant work. (Tr. 35, 338.)

## III. Standard for Disability

A disabled claimant may be entitled to receive SSI benefits. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201. The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful

---

[1] On April 19, 2011, Kostyo also filed a claim for child's insurance benefits alleging the same onset date. (Tr. 20.) She had not attained the age of 22 by her alleged onset date of March 6, 1998. (Tr. 22.)

activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV. Summary of Commissioner's Decision

The ALJ found Kostyo established medically determinable, severe impairments, due to left knee mild patellar chondromalacia, status post multiple arthroscopic surgeries, seizure disorder, possible left carpal tunnel syndrome or cervical radiculopathy, mild neural foraminal narrowing of C3-C4, and depressive disorder. (Tr. 23.) However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24.) Kostyo was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work. (Tr. 26.) The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Kostyo was not disabled. (Tr. 35-37.)

### V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or

supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied.  Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal.  *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits

or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI. Analysis

On May 5, 2015, this Court issued an order requiring Kostyo to file a superceding brief on the merits. (ECF No. 24.) Therein, the Court noted that "Plaintiff's Brief raises seven separate arguments in a mere five-page span. . . . Some assignments of error contain no legal citations while others only make terse and general references to a Social Security Ruling, a section of the Code of Federal Regulations, or a case. None of the 'arguments' are meaningfully developed. Plaintiff's reply is similarly deficient." *Id.* The Court warned that it is not its function to develop an argument on Plaintiff's behalf. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006). In

5

other words, it is insufficient for counsel merely to alert the Court to a potential issue. Counsel must actually *brief* the issue. This includes more than a sprinkling of facts with vague and unexplained citations. Here, despite being afforded a second opportunity, Kostyo again failed to develop five of her seven assignments of error into full fledged legal arguments. As stated in its previous order, it would be inappropriate for this Court to take the facts cited by Kostyo, connect them to applicable law, and craft an argument on Kostyo's behalf. That is the responsibility of counsel, not the Court. As such, the Court deems assignments of error A, B, D, E, and F waived.

Assignments of error B and F are reproduced in their entirety below:

> B. The State agency's two physical medicine consultants concluded that claimant should avoid "all exposure to hazards," Tr. 171 (due to seizure disorder), 185 (due to hearing loss and seizure disorder). The decision mentioned the opinions, and stated that it gave those consultants reduced weight only because greater restrictions, not lesser, were called for. Tr. 33. Yet the decision, without discussion, downgraded the restriction on hazards. "Obvious hazards" is not equivalent to "all hazards." The decision gave no explanation of why claimant's hearing loss or seizures would allow her to be around non-obvious hazards. The occupations named by the VE involve hazards such as barrels of juice concentrate lifted by an industrial truck in the work area, cartons carried to the storage area, and scissors.

(ECF No. 25 at 14) (footnote omitted).

> F. The claimant has a right to see the notes the VE used in testifying. This right comes from the statutory mandate that claims be decide[d] on evidence adduced at the hearing, 42. U.S.C. § 405(b)(1), as well as administrative due process. The basis for a witness's testimony cannot be a secret source. If there is a question about the foundation of the testimony of a VE, claimant should request the evidence upon which the VE relies. *Yopp-Barber v. Comm'r of Soc. Sec.*, 56 Fed. App'x. 688, 690 (6th Cir. 2003); *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2003). This is particularly true where the VE has not been able to explain his methods enough to allow verification, and the ALJ has not allowed full uninterrupted questioning of the VE. The decision may not rely on equivocal VE testimony. Without stating a reason, the ALJ denied counsel's request for the underlying documents. Tr. 157. This error warrants remand.

(ECF No. 25 at 19-20.)

These few, short sentences fail to develop an argument. Assignment of error B contains no legal authority. As for F, Kostyo does not explain the significance of the *Yopp-Barber* decision. As best as this Court can surmise, this argument relates to Kostyo's assertion that the VE had twelve or fourteen pages of notes he used at the hearing, and Kostyo's request that they be added to the record was denied. (ECF No. 25 at 9-10.) There is no indication that the *Yopp-Barber* decision requires a VE to submit, as part of the record, the notes he relied upon even if requested. 56 Fed. App'x at 690. The relevance of the *McKinnie* decision is wholly unexplained.

Assignments of error A, D, and E are also deficient. In A, Kostyo generally avers that an ALJ must explain why she rejects a State Agency consultant's opinion. (ECF No. 25 at 13.) Without relying on any legal authority, Kostyo contends that the RFC limitation – "no working in tandem with coworkers such as on a team" – is insufficient to convey the "minimal interaction with others" limitation found by Caroline Lewin, Ph.D. and Karla Voyten, Ph.D. (ECF No. 25 at 13, *citing* Tr. 172, 186.) Therefore, Kostyo contends the ALJ essentially rejected these limitations but failed to explain why. *Id*. The Court disagrees with Kostyo's conclusion that the limitation in the RFC does not adequately convey the idea of minimal interaction with co-workers. Kostyo gives this Court no basis for finding otherwise.

In assignment of error D, Kostyo takes issue with the content of the VE's testimony, the use of the term "external source" in relation to pace/productivity, and the prohibition against loud noises versus very loud noises. (ECF No. 25 at 16-18.) Kostyo fails to cite any law suggesting that these alleged errors would necessitate a remand. At the hearing, the ALJ stated that "in an environment that is louder than a four according to the Selected Characteristics of Occupations

7

[SCO], face-to-face contact as needed for communication." (Tr. 128.) Kostyo points out that under the SCO, level four is "loud" and level five is "very loud." (ECF No. 25 at 18.) The import of this distinction is irrelevant. Essentially, the ALJ asked the VE to consider a hypothetical person who would need to engage in face to face communication where the noise level was a five, and the VE gave responses thereto. An exercise in semantics is not a basis for a remand.

Finally assignment of error E avers that the VE improperly assumed an accommodation by employers. (ECF No. 25 at 18.) This directly contradicts the VE's testimony.

> Counsel: So your testimony that these jobs can be done seated or standing presumes there may even have to be some employer accommodation. Is that correct?
>
> VE: No, sir. My testimony is that the jobs that I've testified to can be performed either seated, or standing, or in combination.

(Tr. 108.)

Counsel avers that the VE's testimony was inconsistent because earlier in his testimony, the VE used the phrase "excessive accommodation." (Tr. 19.) However, when counsel sought clarification, the VE's testimony, quoted above, was unequivocal. Again, Kostyo cites no law suggesting that a remand is appropriate under these circumstances.

The Court is mindful of the fact that the briefs are subject to page limitations. Kostyo's brief on the merits was only twenty-one pages, six of which were spent recounting the VE's testimony. Moreover, the Court observes that clients would be better served by a small number of fully developed arguments than seven arguments insufficiently developed. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker

arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983); *accord Wilson v. Hurley*, 108 Fed. App'x. 375, 379 (6th Cir. 2004) ("An effective appellate counsel does not need to raise every non-frivolous claim.") Finally, in those exceedingly rare instances where numerous potentially meritorious claims exist, counsel may seek leave to exceed the page limitations.

The Court deems assignments of error A, B, D, E, and F waived.

## C. *Nurse Practitioner*

Kostyo asserts that the ALJ's explanation for rejecting the opinions of nurse practitioner Nicole Leach, CPNP, was insufficient. (ECF No. 25 at 14-16.)

Nurse practitioners are not listed as one of the five types of "acceptable medical sources" but instead are designated as "other sources." *Compare* 20 C.F.R. § 416.913(a) with 20 C.F.R. § 416.913(d)(1); *see also Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (finding the ALJ has the discretion to determine the appropriate weight to accord the opinion a non-medical "other source"). Nevertheless, while nurse practitioners are not "acceptable medical sources"" under the regulations (and ALJs are therefore not required to give "good reasons" for rejecting their opinions under the treating physician rule), Social Security Ruling 06-03P, 2006 SSR LEXIS 5 notes that information from "other sources" such as nurse practitioners "are important" and "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 SSR LEXIS 5 at *5, 2006 WL 2329939 at *2-3 (Aug. 9, 2006). Interpreting this SSR, the Sixth Circuit has found that opinions from "other sources" who have seen the claimant in their professional capacity "should be evaluated using the applicable factors, including how long the source has known the individual, how consistent the

9

opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) ("Following SSR 06-03P, 2006 SSR LEXIS 5, the ALJ should have discussed the factors relating to his treatment of [nurse practitioner] Hasselle's assessment, so as to have provided some basis for why he was rejecting the opinion"); *see also McKitrick v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 150022, 2011 WL 6939330 at * 12-13 (N.D. Ohio Dec. 30, 2011); *Kerlin v. Astrue*, 2010 U.S. Dist. LEXIS 103014, 2010 WL 3937423 at * 7 (S.D. Ohio March 25, 2010).

    The ALJ analyzed the opinion of Ms. Leach as follows:

> As for the opinion evidence, Nicole Leach, RN, CPNP, opined on August 14, 2012, that the claimant is limited to standing and/or walking for no more than 30 minutes at one time for 60 minutes or less total in an eight hour workday. She further opined that the claimant could only sit for 15 minutes at a time for no more than two hours total in an eight hour workday. Ms. Leach also opined that the claimant could lift and/or carry no more than ten pounds occasionally and five pounds frequently. She indicated that the claimant could occasionally stoop. However, she also indicated that the claimant would likely be off task up to 33 per cent of the workday and may miss more than five days per month due to recurrent seizures (Ex. B31F).
>
> Ms. Leach is not an acceptable medical source within the meaning of the regulations as she is not a licensed physician or psychologist. Nonetheless, her opinion is considered pursuant to SSR 06- 3p. The Ruling references factors that are to be considered in determining the weight to be given to such opinions, including whether the source has a specialty or area of expertise related to the claimant's impairment ; how long she has known the claimant; how frequently she sees the claimant; how well she explains her opinion; the degree to which she presents relevant evidence to support her opinion; how consistent her opinion is with the other evidence; and any other factors that tend to support or refute her opinion. In this case, the limitations set forth by Ms. Leach are grossly out of proportion with the objective diagnostic evidence of record showing only mild neural foraminal narrowing and the records of Dr. Patel showing the claimant's seizure disorder is well controlled on medication. Thus, Ms. Leach's opinion is given little weight.

(Tr. 33.)

The ALJ adequately considered and explained the factors she deemed relevant. Notably, the ALJ addressed the inconsistency of Ms. Leach's opinion with the objective evidence of record. Kostyo asserts that this explanation does not adequately address why Ms. Leach's opinion was rejected as it related to her walking/standing limitations based on her complaints of pain in her knee. (ECF No. 25 at 15.) Reading the opinion as a whole, just two paragraphs later, the ALJ credited the opinion of a State Agency medical consultant, Gerald Klyop, M.D., who found that Kostyo could perform light work[2] and stand/walk six hours in an eight hour workday. (Tr. 33, *citing* Exh., B2A, Tr. 169-171.) Specifically, the ALJ ascribed "some weight" to Dr. Klyop's opinion, as she believed Kostyo had greater restrictions in the categories of kneeling, crouching, and crawling. (Tr. 33.)

Perhaps the decision could have been more artfully written and specifically contrasted the inconsistency of Ms. Leach's opinion concerning walking and standing with the less restrictive opinion of Dr. Klyop, an acceptable medical source, on the same issue. The Court, however, declines to remand a decision which makes it clear to the reviewer why an opinion was rejected, even if the ALJ's explanation comes just a few sentences after she finished the discussion of Ms. Leach's opinion. Kostyo does not cite any applicable law or regulation suggesting that a more rigorous explanation is required.

Kostyo does aver that the ALJ erred by failing to evaluate and explain the reasons for accepting and rejecting each distinct opinion of Ms. Leach and relies on Social Security Ruling

---

[2] As explained in Social Security Ruling 83-10, 1983 SSR LEXIS 30 "[s]ince frequent lifting or carrying requires being on ones feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 SSR LEXIS 30, 1983 WL 31251 at * 6.

("SSR") 96-5p, 1996 SSR LEXIS 2 (July 2, 1996).  (ECF No. 25 at 16.)  First, Kostyo does not identify any portion of SSR 96-5p that actually supports her assertion that distinct opinions should be evaluated separately.  *Id*.  Again, it is not this Court's function to craft the argument on a plaintiff's behalf.

Furthermore, SSR 96-5p is a policy interpretation of the regulations at 20 CFR 404.1527(a) and 416.927(a), which define medical opinions as "statements from physicians and psychologists or other ***acceptable*** medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  As stated above, a nurse practitioner is not an acceptable medical source and, therefore, their opinions do not constitute "medical opinions" as defined by the regulations.  Consequently, SSR 96-5p is inapplicable to opinions from "other sources."  Also, Kostyo does not explain how the three cases she cites in her brief support the alleged proposition that an ALJ is required to discuss each and every distinct opinion of an "other source," as those decisions all dealt with medical opinions from acceptable medical sources and did not address opinions from "other sources" such as a nurse practitioner.  (ECF No. 25 at 16.)

This Court cannot find that the ALJ failed in any duty she had to explain the weight ascribed to the opinion of an "other source."

## G.  Cross-Examination

In another undeveloped argument, Kostyo suggests the ALJ erred by relying on the testimony of the VE because the ALJ allegedly "curtailed" her counsel's questioning, limiting it to ninety minutes of cross-examination over two hearings.  (ECF No. 25 at 20.)  Kostyo quotes

the following provision from the HALLEX[3] manual: "The claimant and the representative have the right to question the VE fully on any pertinent matter within the VE's area of expertise." HALLEX § I-2-6-74-C.  That right, however, is not unfettered.  The very next sentence in the manual states that "the ALJ will determine when they may exercise this right and the appropriateness of any questions asked or answers given."  HALLEX I-2-6-74-C.  Over the two hearing dates, Kostyo was allowed ninety minutes to cross-examine the VE.  She cites no authority suggesting that her time for cross-examination is not subject to any limitation.  Kostyo cites HALLEX § I-2-3-10(b), which merely states that "[w]hen an ALJ schedules several hearings in succession, the ALJ should estimate the time that will be required for each hearing to ensure that sufficient time is allotted."  The Court fails to see how this provision of HALLEX supports Kostyo's argument.

Finally, even assuming for the sake of argument that the HALLEX manual was not followed, Kostyo cites no law suggesting that failure to do so is grounds for remand.  "[W]hile the HALLEX procedures are binding on the Social Security Administration, they are not binding on courts reviewing the administration's proceedings." *Dukes v. Comm'r of Soc. Sec.*, No. 1:10-CV-436, 2011 WL 4374557 at *9 (W.D. Mich. Sept. 19, 2011) (*citing Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) (observing that the procedural guidance in HALLEX is "not binding on this court")).[4]

---

[3] HALLEX is the acronym for "Hearings, Appeals, Litigation and Law (LEX)" manual containing both procedural instructions and substantive material for all cases under the jurisdiction of the Office of Hearings and Appeals (OHA).

[4] One district court decision, *Caudill v. Astrue*, 2010 WL 148806 at *4 (E.D. Ky. Jan. 14, 2010), has noted the following:

13

Kostyo's unexplained citation of *Beinlich v. Comm'r of Soc. Sec.*, 345 Fed. App'x 163, 168 (6th Cir. 2009) does not support her argument. The *Beinlich* court merely explained that it was counsel's obligation and not the ALJ's to cross-examine the VE. That decision does *not* suggest that counsel's questioning cannot be limited in any manner by the ALJ.

As such, to the extent raised, Kostyo's final assignment of error is without merit.

### VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence. Accordingly, the decision is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: July 2, 2015

---

There is a split among the Circuits on the issue of whether the Commissioner's failure to follow a provision of HALLEX is reversible error. The Ninth Circuit has found that HALLEX is purely an internal manual and as such has no legal force and is not binding. *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). The Fifth Circuit takes the view that although HALLEX does not carry the force of law, an agency must follow its own procedures where the rights of individuals are affected. *Newton v. Apfel*, 209 F.3d 448, 459-60 (5th Cir. 2000).

The *Caudill* decision found that "[i]n the absence of a definitive ruling from the Sixth Circuit, the court declines to find that a failure to follow the exact procedures in HALLEX requires reversal absent a convincing showing of prejudice to the plaintiff." Absent any authority to the contrary from Kostyo, this Court agrees.